

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **VS.** § | **CASE NO. 9:17-CR-1** |
| § | |
| **DANIEL WAYNE WHISENANT** § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Daniel Wayne Whisenant, violated conditions of supervised release imposed by United States District Judge William D. Stiehl. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #2) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on August 16, 2018, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a.  That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.  That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On August 17, 2011, The Honorable William D. Stiehl of the Southern District of Illinois sentenced the defendant after he pled guilty to the offenses of Conspiracy to Manufacture and Distribute Methamphetamine, Count 1, and Distribution of Methamphetamine, Count 2, both considered Class B felonies. Judge Stiehl sentenced Whisenant to 60 months on each count, to be served concurrently, followed by 4 years supervised release on each count, also to be served concurrently. The supervision terms included the standard conditions of release, plus special conditions to include financial disclosure; drug testing and treatment; search of property and self; $200 fine; and a $200 special assessment. On May 30, 2014, Daniel Wayne Whisenant completed his period of imprisonment and began service of the supervision term.

On January 9, 2017, the United States District Court for the Southern District of Illinois transferred jurisdiction over Mr. Whisenant's case to the Eastern District of Texas. *See Transfer* (doc. #1). The Honorable Ron Clark, then the Chief U.S. District Judge for the Eastern District of Texas, accepted jurisdiction on January 11, 2017, and the case was assigned to his criminal docket. *See id*.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following standard condition of release:

*The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.*

Specifically, Mr. Whisenant submitted a urine specimen on December 2, 2016, and tested positive for methamphetamine.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. Specifically, if the matter proceeded to a final contested hearing, the Government would present evidence showing that on December 2, 2016, Mr. Whisenant submitted a urine specimen for testing to his probation officer. The laboratory test results would establish that the specimen yielded a positive result for methamphetamine.

Defendant, Daniel Wayne Whisenant, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he used a controlled substance in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by using a controlled substance. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a)(3). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months. *See* U.S.S.G. § 7B1.4(a). Because the original offenses of convictions were Class B felonies, the statutory maximum imprisonment term upon revocation is three (3) years for each, for a total maximum of six (6) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant, Daniel Wayne Whisenant, committed a Grade C violation of his supervision conditions by using methamphetaime. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Daniel Wayne Whisenant, to serve a term of **six (6) months** imprisonment, with no further term of supervision to follow. The Court further recommends that Bureau of Prisons (BOP) place the defendant in either the Federal Correctional Institution (FCI) in Seagoville, Texas, or the Federal Correctional Complex (FCC) in Beaumont, Texas, if possible, as requested by Defendant.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district

judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 17th day of August, 2018.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE